UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN THOMAS COYNE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 11-0868 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.

## **INTRODUCTION AND SUMMARY**

On June 3, 2011, plaintiff Glenn Thomas Coyne ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 1.]

On December 14, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 9-10.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the Administrative Law Judge ("ALJ") erred in his step-five evaluation. The Court thus remands this matter to the Commissioner in accordance with the principles and

instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 53 years old on the date of his administrative hearing, is a high school graduate. (*See* Administrative Record ("AR") at 27, 33, 165, 185.)

On October 18, 2006, Plaintiff protectively filed for DIB and on October 23, 2006, Plaintiff filed for SSI, alleging that he has been disabled since January 30, 2003 due to cirrhosis and hypertension. (*See* AR at 114, 119, 160, 170, 176, 179.)

On October 23, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 27-86.) The ALJ also heard testimony from Lowell Sparks, Jr., M.D., a medical expert ("ME") and Troy Scott, a vocational expert ("VE"). (*Id.*; *see also id.* at 158, 160.)

On January 14, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 94-105.) Applying the familiar five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 96.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "bilateral venous insufficiency of the lower extremities; mild osteoarthritis of the right knee; . . . obesity . . . ; cirrhosis of the liver; esophageal varices; and peripheral neuropathy." (AR at 96-97 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 98-99.)

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that he can perform "a significant range" of light work. (AR at 100.) Specifically, the ALJ found:

> [Plaintiff] is able to lift 20 pounds occasionally and 10 pounds frequently. In an eight-hour work day, he is able to stand and/or walk four[ hours] and sit six hours. He is occasionally able to balance, bend, stoop, crouch, kneel, climb ramps/stairs, and walk on uneven terrain. He is unable to crawl and climb ladders, scaffolds, and ropes. [Plaintiff] should avoid all exposure to temperature extremes; to fumes, odors, dust, gases, and chemicals; and to hazards such as dangerous, fast-moving machinery and unprotected heights. [Plaintiff's] workplace should be close to a bathroom.

(*Id.* (emphasis omitted).)

The ALJ found, at step four, that Plaintiff lacks the ability to perform his past relevant work. (AR at 103.)

At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found that Plaintiff is "capable of making a successful vocational adjustment to other occupations with jobs existing in significant numbers in the national economy," including hand packager, machine packager, electronics assembler, information clerk, and office clerk. (AR at 104 (emphasis omitted).) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 95,

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

105.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 8.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## ISSUES PRESENTED

Four disputed issues are presented for decision here:

1. whether the ALJ properly evaluated the medical evidence, (*see* Joint Stip. at 3-5, 12-13);

2. whether the ALJ properly assessed Plaintiff's credibility, (*id.* at 13-17, 22-23);

3. whether the ALJ erred in his step-five evaluation by relying on the VE's testimony, (*id.* at 23-28, 31-32); and

4. whether an ALJ's offer to make a finding of disability at an onset date later than alleged by Plaintiff may be withdrawn. (*Id.* at 32-33, 34-35.)

Under the circumstances here, the Court finds the issue of the ALJ's step-five evaluation to be dispositive of this matter, and does not reach the remaining issues.

## V.
## DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ improperly relied on the VE's testimony because the VE "cited only jobs which require . . . medium exertion, or jobs that are semiskilled." (Joint Stip. at 27.) Plaintiff asserts that such jobs are "outside the limits" of the RFC assessed by the ALJ. (*Id.*)

A. Step-Five Determination

At step five of the sequential evaluation, the burden of proof shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). One method of demonstrating the existence of these jobs is through the testimony of a VE, who can assess the effect of any limitation on the range of work at issue, identify jobs which are within the RFC, if they exist, and provide a statement of the incidence of such jobs in the region where the claimant lives or in several regions of the country.

Social Security Ruling ("SSR") 83-12,[3] 1983 WL 31253, at *3.

### B. The ALJ Improperly Relied on the VE's Testimony

The Court finds that the ALJ's step-five determination is not supported by substantial evidence. Two reasons guide this determination.

First, Defendant concedes that Plaintiff "could not perform" the jobs of machine packager and hand packager because both jobs "require medium exertion and Plaintiff's RFC was limited to modified light exertion." (Joint Stip. at 29.) The Court agrees and also notes that the VE mistakenly identified the machine packager position as requiring a light exertion level. (AR at 76-77 (VE's testimony that machine packager position is "unskilled and light")); DOT 920-685-078, 1991 WL 687942, at *1 (machine packager position listed at medium exertion level, requiring exertion of "20 to 50 pounds of force occasionally" and "10 to 25 pounds of force frequently").

Further, the ALJ found Plaintiff is able to perform the hand packager position, despite the VE's accurate testimony that the position requires a medium exertion level. (AR at 76-77; *compare id.* at 75-76 (ALJ's hypothetical posed to the VE assuming an RFC of lifting "50 pounds occasionally, 25 pounds frequently") *with id.* at 100 (ALJ's RFC limiting Plaintiff to lifting "20 pounds occasionally and 10 pounds frequently").)

Second, Defendant's contention that "there was no legal" error because the VE identified semi-skilled jobs and "Plaintiff's RFC did not bar him from performing work that is described as semi-skilled" is meritless. (Joint Stip. at 29.)

---

[3] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

1  In relevant part, SSR 82-41 states:

2         When the issue of skills and their transferability must be decided,
3            the . . . ALJ is required to make certain findings of fact and
4            include them in the written decision. . . . When a finding is made
5            that a claimant has transferable skills, the acquired work skills
6            must be identified, and specific occupations to which the
7            acquired work skills are transferable must be cited in the . . .
8            ALJ's decision.

9 SSR 82-41, 1982 WL 31389, at *7; 20 C.F.R. § 404.1568(d)(1) ("We consider you
10 to have skills that can be used in other jobs, when the skilled or semi-skilled work
11 activities you did in past work can be used to meet the requirements of skilled or
12 semi-skilled work activities of other jobs or kinds of work.  This depends largely on
13 the similarity of occupationally significant work activities among different jobs.").
14 Thus, absent a *finding* of transferable skills, a vocational expert cannot properly
15 opine that a claimant could perform other work at the skilled or semi-skilled level.
16 *See Bray v. Comm'r*, 554 F.3d 1219, 1225 (9th Cir. 2009) (explaining that "specific
17 findings on transferable skills are necessary even where the ALJ relies on the
18 testimony of a VE") (citation omitted); *Parks v. Astrue*, 2011 WL 6211003, at *5-6
19 (E.D. Cal. 2011) (determining ALJ's opinion was not supported by substantial
20 evidence where record was unclear as to whether there was transferability of skills to
21 semi-skilled work).

22     Here, the ALJ explicitly found the VE "did not identify any skills acquired in
23 [Plaintiff's] past relevant work which would be transferable to occupations within
24 his [RFC]."  (AR at 104.)  Accordingly, the ALJ's finding of non-disability must be
25 based on Plaintiff's ability to do *unskilled* work.  SSR 82-41, 1982 WL 31389, at *1
26 ("[I]f it is determined that there are no transferable skills, a finding of 'not disabled'
27 may be based on the ability to do unskilled work.").  However, the only light or
28 sedentary positions listed by the VE were semi-skilled.  Although the VE identified

7

1  the positions of information clerk and office clerk as unskilled, (AR at 79-80), both
2  positions are semi-skilled under the DOT.  DOT 237.367-022, 1991 WL 672188, at
3  *1 (information clerk requires level 4 specific vocational preparation, or "[o]ver 3
4  months up to and including 6 months" of preparation); DOT 209.562-010, 1991 WL
5  671792, at *1 (office clerk requires level 3 specific vocational preparation, or [o]ver
6  1 month up to and including 3 months" preparation); *see* SSR 82-41, 1982 WL
7  31389, at *2 ("semiskilled occupations require more than 30 days to learn").
8      Defendant also contends that the VE identified the job of electronics
9  assembler as a light position Plaintiff is capable of performing.  (Joint Stip. at 29.)
10 However, the electronics assembler position is also semi-skilled.  DOT 726.684-018,
11 1991 WL 679596, at *1 (electronics assembler requires level 4 specific vocational
12 preparation, or "[o]ver 3 months up to and including 6 months" of preparation); SSR
13 82-41, 1982 WL 31389, at *2.
14     This Court cannot find the ALJ's errors to be harmless and his determination
15 is not supported by substantial evidence.

## VI.
## REMAND IS APPROPRIATE

18     This Court has discretion to remand or reverse and award benefits.  *McAllister*
19 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989).  Where no
20 useful purpose would be served by further proceedings, or where the record has been
21 fully developed, it is appropriate to exercise this discretion to direct an immediate
22 award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);
23 *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000),
24 *cert. denied*, 531 U.S. 1038 (2000).  Where there are outstanding issues that must be
25 resolved before a determination can be made, and it is not clear from the record that
26 the ALJ would be required to find plaintiff disabled if all the evidence were properly
27 evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
28 F.3d at 1179-80.

1   Here, there are outstanding issues which must be resolved before a final
2   determination can be made. On remand, the ALJ shall, with the assistance of a VE,
3   reassess whether Plaintiff possesses transferable skills and whether those skills can
4   be used to meet the requirements of skilled or semi-skilled work activities of other
5   jobs. If the ALJ determines that Plaintiff possesses no transferable skills, he must,
6   with the assistance of a VE, ascertain whether there are other unskilled jobs existing
7   in significant numbers in the regional and national economies that Plaintiff can
8   perform.[4]

9   Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
10  **REVERSING** the decision of the Commissioner denying benefits and
11  **REMANDING** the matter for further administrative action consistent with this
12  decision.

Dated: May 14, 2012

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[4] In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contention. (*See* Joint Stip. at 3-5, 12-17, 22-23, 32-33, 34-35.)